UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON


DAVID MATTHEW HARVEY,

        Plaintiff,

v.                                      Civil Action No. 15-14091

J.G. CLINE,
ROBERT S. CASTLE,
TYLER NELSON,
SHANE WOODRUM,
and TIMOTHY BROWNING,

        Defendants.


MEMORANDUM OPINION AND ORDER


        Pending is the motion to dismiss filed by defendant
Tyler Nelson on November 24, 2015.


I. Background


A.


        On September 29, 2013, plaintiff David Matthew Harvey
("plaintiff") was being held as a pretrial detainee at West
Virginia's Southwestern Regional Jail ("the jail").  Complaint
¶¶ 23-27.  Defendants Tyler Nelson, J.G. Cline, Robert S.
Castle, Shane Woodrum, and Timothy Browning (collectively, "the
defendants") were employed there as guards.  Id. ¶¶ 4-8.
Plaintiff alleges that, beginning on September 29 and continuing

into September 30, the defendants "either physically assaulted [him] . . . or . . . failed to intervene and prevent the other [d]efendants from doing the same." Id. ¶ 68.

Plaintiff, by counsel, sent a certified letter to various state officials on September 15, 2015. Id. ¶¶ 9-11. The letter stated, in relevant part, as follows:

> Pursuant to W. Va. Code § 55-17-3, I am hereby providing you notice that thirty days after you have received this letter, we plan to file a complaint against all of the responsible individuals and parties. . . .
>
> . . .
>
> During this thirty day period, this law firm remains open to discussing the possibility of resolving this case prior to filing the complaint. However, if no resolution is reached, once the thirty day period from the date of this letter has passed, a complaint will be filed and a copy of the complaint will be provided to the Attorney General, as required by W. Va. Code § 55-17-3(b).

See Plaintiff's Notice Letter; see also Plaintiff's Response, pp. 6-7. At the end of the thirty days, plaintiff initiated this action with the filing of his complaint on October 15, 2015. See Complaint, Ex. 1.

Count 1 of the complaint seeks redress under 42 U.S.C. § 1983 for violations of plaintiff's Fourth, Eighth, and Fourteenth Amendment rights. Complaint ¶¶ 67-72. Count 2 alleges violations of analogous rights protected by the West

2

Virginia constitution.  Id. ¶¶ 73-80.  Count 3 charges the defendants with common law negligence.  Id. ¶¶ 81-84.  Plaintiff brings this action against the defendants in their individual capacities only.  Id. ¶¶ 4-8.

Defendant Nelson moved to dismiss the complaint on November 24, 2015, on the grounds that "the statute of limitations had run prior to the filing of the [c]omplaint."[1] Nelson Motion to Dismiss I, p. 1.  Nelson filed a second motion to dismiss on December 22, 2015, this time asserting qualified immunity.[2]

---

[1] The court observes that Nelson's motion to dismiss is based on an affirmative defense.  A motion under Rule 12(b)(6), which tests the sufficiency of the complaint, ordinarily "cannot reach the merits of an affirmative defense, such as that the plaintiff's claim is time-barred."  Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007).  An exception, applicable "where facts sufficient to rule on an affirmative defense are alleged in the complaint," requires that all "facts necessary to the affirmative defense 'clearly appear[] on the face of the complaint.'"  Id. (quoting Richmond, Fredericksburg & Potomac R.R. v. Forst, 4 F.3d 244, 250 (4th Cir. 1993)).  Plaintiff's complaint contains the specific dates on which the unlawful conduct was alleged to have taken place, Complaint ¶¶ 23-66, as well as the date on which plaintiff mailed his notice letter, id. ¶¶ 9-11, and the date on which he filed the complaint, id. at p. 1.  These allegations, appearing on the face of the complaint, are sufficient for the court to rule on Nelson's statute of limitations defense.

[2] Inasmuch as the court grants Nelson's first motion to dismiss for the reasons discussed below, it is ORDERED that Nelson's second motion to dismiss, filed on December 22, 2015, be, and it hereby is, dismissed as moot.

B.

The district courts of the United States "shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  The court is thus properly invested with original jurisdiction over plaintiff's section 1983 claims inasmuch as section 1983 is a federal statute through which deprivation of a constitutional right may be redressed.

A district court properly invested with jurisdiction over one claim in an action can exercise supplemental jurisdiction over additional state law claims that "form part of the same case or controversy."  28 U.S.C. § 1367(a).  Jurisdiction over plaintiff's remaining state law claims is proper under section 1367(a) inasmuch as they, too, arise from the alleged events of September 29 and 30, 2013.

## II. Governing standard

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleader provide "a short and plain statement of the claim showing . . . entitle[ment] to relief."  Fed. R. Civ. P. 8(a)(2); see also Erickson v. Pardus, 551 U.S. 89, 93 (2007). The required "short and plain statement" must provide "'fair notice of what the . . . claim is and the grounds upon which it

4

rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957), overruled on other grounds, Twombly, 550 U.S. at 563); see also Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007).  Rule 12(b)(6) correspondingly permits a defendant to challenge a complaint when it "fail[s] to state a claim upon which relief can be granted. . . ."  Fed. R. Civ. P. 12(b)(6).

Application of the Rule 12(b)(6) standard requires that the court "'accept as true all of the factual allegations contained in the complaint. . . .'"  Erickson, 551 U.S. at 94 (quoting Twombly, 550 U.S. at 555-56); see also South Carolina Dept. of Health and Envt'l Control v. Commerce and Indus. Ins. Co., 372 F.3d 245, 255 (4th Cir. 2004) (quoting Franks v. Ross, 313 F.3d 184, 192 (4th Cir. 2002)).  The court must "draw[] all reasonable . . . inferences from th[e] facts in the plaintiff's favor. . . ."  Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999).  At bottom, in order to survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570); see also Monroe v. City of Charlottesville, 579 F.3d 380, 386 (4th Cir. 2009).

III. <u>Discussion</u>

Accrual of claims brought under section 1983 is governed by federal, not state, law. <u>Wallace v. Kato</u>, 549 U.S. 384, 388 (2007) ("[T]he accrual date of a § 1983 cause of action is a question of federal law that is not resolved by reference to state law."); <u>see also Nassim v. Warden, Md. House of Corr.</u>, 64 F.3d 951, 955 (4th Cir. 1995) (same). Under federal law, "it is 'the standard rule that [accrual occurs] when the plaintiff has a complete and present cause of action.'" <u>Wallace</u>, 549 U.S. at 388 (<u>quoting Bay Area Laundry and Dry Cleaning Pension Tr. Fund v. Ferbar Corp. of Cal.</u>, 522 U.S. 192, 201 (1997)); <u>see also Nassim</u>, 64 F.3d at 955 (A claim accrues "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action."). Here, plaintiff's section 1983 claims accrued at the latest on September 30, 2013. <u>See</u> Complaint, ¶¶ 23-64 (describing events alleged to have occurred on September 29 and 30, 2013).

As there is no federal statute of limitations applicable to claims under section 1983, federal courts must borrow an appropriate limitations period from state law. <u>Owens v. Okure</u>, 488 U.S. 235, 249-50 (1989); <u>see also Nat'l Advert. Co. v. City of Raleigh</u>, 947 F.2d 1158, 1161 (4th Cir. 1991), <u>cert. denied</u>, 504 U.S. 931 (1992). "Where state law provides

multiple statutes of limitations for personal injury actions,"
as West Virginia law does, see W. Va. Code § 55-2-1 et seq.,
"courts considering [section] 1983 [claims] should borrow the
general or residual statute" of limitations.  Owens, 488 U.S. at
249; Wilson v. Garcia, 471 U.S. 261, 276 (1985) (same).  In West
Virginia, the residual statute provides for a two year
limitations period after the date of accrual.  See W. Va. Code §
55-2-12(b) ("[E]very personal action for which no limitation is
otherwise prescribed shall be brought: . . . (b) within two
years next after the right to bring the same shall have accrued
if it be for damages for personal injuries[.]"); McCausland v.
Mason Cty. Bd. of Ed., 649 F.2d 278 (4th Cir. 1981) (applying
West Virginia Code section 55-2-12(b) to section 1983 claim);
Bell v. Bd. of Educ. of Fayette Cty., West Virginia, 290 F.
Supp. 2d 701, 709 (S.D. W. Va. 2003) (same).

        In light of the foregoing, the limitations period on
plaintiff's section 1983 claims ended on September 30, 2015.
However, plaintiff maintains that the limitations period was
tolled for a period of thirty days beginning on September 15,
2015 -- the date plaintiff, by counsel, sent the aforementioned
notice-of-claim letter -- pursuant to the tolling provision set
forth in West Virginia Code section 55-17-3(a).  See Plaintiff's

Response, p. 8.  Nelson, for his part, asserts that section 55-17-3 is inapplicable here.  Nelson Mot. I, p. 5.

Section 55-17-3(a) sets forth the circumstances and time frame in which a party is required to provide state officials with written notice of claims in certain actions against the state, specifically providing in relevant part as follows:

> (1)   . . . [A]t least thirty days prior to the institution of an action against a government agency, the complaining party or parties must provide the chief officer of the government agency and the attorney general written notice, by certified mail, return receipt requested, of the alleged claim and the relief desired. . . .

> (2)   . . . If the written notice is provided to the chief officer of the government agency as required by subdivision (1) of this subsection, any applicable statute of limitations is tolled for thirty days from the date the notice is provided and, if received by the government agency as evidenced by the return receipt of the certified mail, for thirty days from the date of the returned receipt.

W. Va. Code § 55-17-3(a)(1), (2).  Section 55-17-2(1) precisely defines the kind of action to which 55-17-3(a) applies as follows:

> "Action" means a proceeding instituted against a governmental agency in a circuit court or in the supreme court of appeals, except actions instituted pursuant to statutory provisions that authorize a specific procedure for appeal or similar method of obtaining relief from the ruling of an administrative agency and actions

> instituted to appeal or otherwise seek relief from a
> criminal conviction, including, but not limited to,
> actions to obtain habeas corpus relief.

W. Va. Code § 55-17-2(1).  Section 55-17-2(2), in turn, defines

a "government agency" as follows:

> "Government agency" means a constitutional officer or
> other public official named as a defendant or respondent
> in his or her official capacity, or a department,
> division, bureau, board, commission, or other agency or
> instrumentality within the executive branch of state
> government that had the capacity to sue or be sued.

W. Va. Code § 55-17-2(2).  And so, where the notice requirement

applies -- that is, in a covered "action" against a

"governmental agency" -- "any applicable statute of limitations

is tolled for thirty days from the date the notice is provided

and . . . for thirty days from the date of the returned

receipt."  W. Va. Code § 55-17-3(a)(2).

         Plaintiff's tolling argument suffers from a

fundamental defect.  Section 55-17-3 does not apply here

inasmuch as this is not a proceeding against a "government

agency" as defined by section 55-17-2.  Plaintiff specifically

and pointedly alleges that he is suing the defendants in their

personal, not their official, capacities.  <u>See</u> Complaint, ¶¶ 4-8

(repeating, as to each defendant, that he "is sued only in his

individual capacity").  If a complaint specifically alleges a

capacity in which the defendant is being sued, that designation

controls.  <u>Amos v. Md. Dept. of Pub. Safety & Corr. Svcs.</u>, 126
F.3d 589, 608 (4th Cir. 1997) (<u>citing</u> <u>Biggs v. Meadows</u>, 66 F.3d
56, 59-61 (4th Cir. 1995), <u>vacated</u> <u>on</u> <u>other</u> <u>grounds</u> <u>by</u> 524 U.S.
935 (1998)).  Along the same lines, "unless a distinct cause of
action is asserted against [a governmental] entity itself, the
entity is not even a party to a personal-capacity lawsuit and
has no opportunity to present a defense."  <u>Kentucky v. Graham</u>,
473 U.S. 159, 168 (1985); <u>see</u> <u>also</u> <u>Hafer v. Melo</u>, 502 U.S. 21,
25 (1991) (explaining in detail the distinction between
individual-capacity or personal-capacity actions and official-
capacity actions).  Inasmuch as this action is against the
defendants "in [their] individual capacity[ies] only,"
Complaint, ¶¶ 4-8, this is not a proceeding instituted against a
government agency as the latter term is defined by section 55-
17-2(2).  <u>See</u> W. Va. Code § 55-17-2(2) (the term refers to one
who is "a constitutional officer or other public official named
as a defendant . . . in his official capacity").  Accordingly,
neither the notice provision nor its accompanying tolling
provision is applicable to this individual-capacity suit.[3]

---

3  It is noted that Nelson has premised his motion to dismiss on
the ground that section 55-17-3 tolls only an "action" instituted
in a "circuit court or in the supreme court of appeals" of West
Virginia so that it has no applicability in an action commenced in
federal court.  Indeed, two unpublished decisions in this district
have held that West Virginia Code section 55-17-3 does not apply
to actions filed in federal court.  <u>Singh v. Nerhood</u>, No. 3:11-

The period for filing this action within the statute of limitations thus expired September 30, 2015, as noted above. Because plaintiff did not file his complaint until October 15, 2015, his section 1983 claim against defendant Nelson is barred by the passage of time.  Plaintiff's remaining, state-law claims -- alleging (1) violations of the West Virginia constitution and (2) common law negligence -- are subject to the same two-year limitations period, pursuant to West Virginia Code section 55-2-12.  Consequently, those claims are likewise time-barred.

## IV. Conclusion

For the foregoing reasons, it is ORDERED that defendant Tyler Nelson's motion to dismiss filed on November 24, 2015, be, and it hereby is, granted.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER: April 18, 2016

John T. Copenhaver, Jr.
United States District Judge

---

cv-00071, 2012 U.S. Dist. LEXIS 137992 (S.D. W. Va. Sept. 26, 2012), at *12-13; D.W. v. Walker, No. 2:09-cv-00060, 2009 U.S. Dist. LEXIS 42115 (S.D. W. Va. May 15, 2009), at *8.  The court need not address this issue inasmuch as this action is not one against a government agency.