```
           UNITED STATES DISTRICT COURT
        SOUTHERN DISTRICT OF WEST VIRGINIA
                   AT CHARLESTON
```

**DAVID MATTHEW HARVEY,**

      Plaintiff,

v.                                          Civil Action No. 15-14091

**J.G. CLINE,**
**ROBERT S. CASTLE,**
**SHANE WOODRUM,**
**and TIMOTHY BROWNING,**

      Defendants.


<u>MEMORANDUM OPINION AND ORDER</u>

Pending is defendant Robert S. Castle's motion to dismiss, filed on April 19, 2016.

      I.   <u>Factual and procedural background</u>

The factual allegations having been recited in the court's order of April 18, 2016, only a brief recapitulation is provided here.

On September 29, 2013, plaintiff David Matthew Harvey ("plaintiff") was being held at West Virginia's Southwestern Regional Jail. Complaint ("Compl.") ¶¶ 23-27. Defendants J.G. Cline, Robert S. Castle, Shane Woodrum, and Timothy Browning, as well as dismissed former defendant Tyler Nelson (collectively, "the defendants"), worked there as guards. <u>Id.</u> ¶¶ 4-8.

Plaintiff claims that on September 29 and 30, 2013, the defendants "either physically assaulted [him] . . . or . . . failed to intervene and prevent the other [d]efendants from doing the same." Id. ¶ 68.

On September 15, 2015, plaintiff, by counsel, sent a certified letter to various state officials advising them that a civil action, based on the foregoing allegations, was contemplated.  See id. ¶¶ 9-11; see also Response to Castle Motion to Dismiss, Ex. 1 (Notice of Claim Letter); Response to Nelson Motion to Dismiss I, pp. 6-7.  Thirty days later, on October 15, 2015, plaintiff initiated this action with the filing of his three count complaint.  See Compl., p. 1.

Count 1 of the complaint seeks redress under 42 U.S.C. § 1983 for violations of plaintiff's Fourth, Eighth, and Fourteenth Amendment rights.  Id. ¶¶ 67-72.  Count 2 alleges violations of analogous rights protected by the West Virginia constitution.  Id. ¶¶ 73-80.  Count 3 charges the defendants with common law negligence.  Id. ¶¶ 81-84.  Plaintiff brings this action against the defendants in their individual capacities only.  Id. ¶¶ 4-8.

On April 19, 2016, defendant Castle filed the pending motion to dismiss, asserting the same grounds upon which the court relied in its order dismissing Nelson.  See Castle Motion

to Dismiss ("Castle Mot."), pp. 1, 4-5.  Plaintiff filed his response[1] on May 3, and Castle filed his reply on May 19, 2016.

As a preliminary matter, the court observes, as it did in its order dismissing Nelson, that the pending motion to dismiss raises an affirmative defense.  A motion under Rule 12(b)(6), which tests the sufficiency of the complaint, ordinarily "cannot reach the merits of an affirmative defense, such as that the plaintiff's claim is time-barred."  Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007).  An exception, applicable "where facts sufficient to rule on an affirmative defense are alleged in the complaint," requires that all "facts necessary to the affirmative defense 'clearly appear[] on the face of the complaint.'"  Id. (quoting Richmond, Fredericksburg & Potomac R.R. v. Forst, 4 F.3d 244, 250 (4th Cir. 1993)).  Plaintiff's complaint contains the specific dates on which the unlawful conduct was alleged to have taken place, Compl. ¶¶ 23-66, as well as the date on which plaintiff mailed his notice

---

1 In a footnote, plaintiff indicates that he wishes his response to Castle's motion to dismiss "to be considered in opposition to the motions to dismiss filed by defendants Nelson and Castle" both, inasmuch as the court is claimed to have granted Nelson's motion to dismiss "based upon a theory never raised by [] Nelson or briefed by the parties."  Response, p. 3 n. 2.  Because the court concludes, as discussed below, that plaintiff's arguments are unavailing as to defendant Castle, use of the response with respect to defendant Nelson's already-adjudicated motion would be of no effect.  Consequently, the request is denied.

letter, id. ¶¶ 9-11, and the date on which he filed the complaint, id. at p. 1.  These allegations, appearing on the face of the complaint, are sufficient for the court to rule on Castle's statute of limitations defense.

## II.   Standard governing motions to dismiss

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleader provide "a short and plain statement of the claim showing . . . entitle[ment] to relief."  Fed. R. Civ. P. 8(a)(2); see also Erickson v. Pardus, 551 U.S. 89, 93 (2007).  The required "short and plain statement" must provide "'fair notice of what the . . . claim is and the grounds upon which it rests.'"  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957), overruled on other grounds, Twombly, 550 U.S. at 563); see also Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007).  Rule 12(b)(6) correspondingly permits a defendant to challenge a complaint when it "fail[s] to state a claim upon which relief can be granted. . . ."  Fed. R. Civ. P. 12(b)(6).

Application of the Rule 12(b)(6) standard requires that the court "'accept as true all of the factual allegations contained in the complaint. . . .'"  Erickson, 551 U.S. at 94 (quoting Twombly, 550 U.S. at 555-56); see also South Carolina Dept. of Health and Envt'l Control v. Commerce and Indus. Ins.

Co., 372 F.3d 245, 255 (4th Cir. 2004) (same principle) (quoting Franks v. Ross, 313 F.3d 184, 192 (4th Cir. 2002)).  The court must likewise "draw[] all reasonable . . . inferences from th[e] facts in the plaintiff's favor. . . ."  Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999).  At minimum, in order to survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570); see also Monroe v. City of Charlottesville, 579 F.3d 380, 386 (4th Cir. 2009) (quoting Twombly, 550 U.S. at 570).

### III.  Discussion

#### A.

In Castle's motion to dismiss, he asserts that West Virginia Code section 55-17-3 does not apply to this action because, by its terms, it applies only to actions against defendants in their official capacities.  See Castle Mot., pp. 4-5.  Consequently, Castle contends that plaintiff's claims are time-barred, as the complaint was filed more than two years after the claimed injurious conduct is alleged to have occurred.  In response, plaintiff contends that the court's conclusion in its previous order, namely, that this case did not involve a "government agency" as defined by West Virginia Code section 55-

5

17-2, was "reached based upon an <u>after-the-fact</u> analysis by the court of the substance of the complaint, rather than focusing on the date the notice was sent."[2]  Resp., p. 2 (emphasis in original).

Contrary to plaintiff's suggestion, the court must remain focused on the "substance of the complaint actually filed," for it is the operative pleading that guides and defines the case.  <u>See</u> Fed. R. Civ. P. 8.  To construe a complaint as denoting a particular kind of action based on conduct done before the complaint is filed, where the complaint itself explicitly denotes a different kind of action, would create impossible dilemmas, and in any event is contrary to the core value of "notice" in pleadings and the express purposes of West Virginia Code section 55-17-1, the latter as discussed below.

Section 55-17-3(a) sets forth the circumstances and time frame in which a party is required to provide state

---

[2] Plaintiff further argues that West Virginia Code section 55-17-3 applies to actions filed in federal court.  Although the court withheld judgment on that question in its order dismissing Nelson, the court observes that, in a recent opinion, that question was conclusively answered in the negative.  <u>See</u> <u>Smith v. Allred</u>, 2016 WL 3094008, No. 2:15-cv-06026 (S.D. W. Va. June 1, 2016) (Copenhaver, J.) ("W. Va. Code § 55-17-3 has no application to federal lawsuits.") (<u>referring</u>, <u>inter</u> <u>alia</u>, <u>to</u> <u>Felder v. Casey</u>, 487 U.S. 131, 145 (1988), and <u>Singh v. Nerhood</u>, 2012 WL 4464025, No. 3:11-cv-00701, *4 (S.D. W. Va. Sept. 26, 2012) (Johnston, J.)).

officials with written notice of claims in certain actions against the state, specifically providing in relevant part as follows:

> (1) . . . [A]t least thirty days prior to the institution of an action against a government agency, the complaining party or parties must provide the chief officer of the government agency and the attorney general written notice, by certified mail, return receipt requested, of the alleged claim and the relief desired. . . .
>
> (2) . . . If the written notice is provided to the chief officer of the government agency as required by subdivision (1) of this subsection, any applicable statute of limitations is tolled for thirty days from the date the notice is provided and, if received by the government agency as evidenced by the return receipt of the certified mail, for thirty days from the date of the returned receipt.

W. Va. Code § 55-17-3(a)(1), (2). Section 55-17-2(1) precisely defines the kind of action to which section 55-17-3(a) applies thusly:

> "Action" means a proceeding instituted against a <u>governmental agency</u> in a circuit court or in the supreme court of appeals, except actions instituted pursuant to statutory provisions that authorize a specific procedure for appeal or similar method of obtaining relief from the ruling of an administrative agency and actions instituted to appeal or otherwise seek relief from a criminal conviction, including, but not limited to, actions to obtain habeas corpus relief.

W. Va. Code § 55-17-2(1) (emphasis supplied). Section 55-17-2(2), in turn, defines a "government agency" as follows:

> "Government agency" means a constitutional officer or other public official named as a defendant or respondent in his or her official capacity, or a department, division, bureau, board, commission, or other agency or instrumentality within the executive branch of state government that has the capacity to sue or be sued.

W. Va. Code § 55-17-2(2). Where the notice requirement applies -- that is, in a covered "action" against a "governmental agency" -- "any applicable statute of limitations is tolled for thirty days from the date the notice is provided and . . . for thirty days from the date of the returned receipt." W. Va. Code § 55-17-3(a)(2).

According to plaintiff, "once the notice of claim [letter is] sent, as a matter of law, the statute of limitations [is] tolled for thirty days from the date the letter was sent." Id. at p. 2; see also id. at p. 12 ("Sending the notice of claim [letter], pursuant to . . . [section] 55-17-3, automatically, as a matter of law, tolled the statute of limitations for thirty days."). Thus, in plaintiff's view, section 55-17-3 operates to toll the statute of limitations even if the complaint contains exclusively claims to which section 55-17-3 does not apply. Plaintiff's view -- that section 55-17-3 operates to toll the statute of limitations when a notice of claim letter is sent, regardless of the contents of the complaint actually filed -- is not borne out by the plain language of the statute. Again, the statute defines an "action" as follows:

8

> "Action" means <u>a</u> <u>proceeding</u> instituted against a governmental agency in a circuit court or in the supreme court of appeals . . . including, but not limited to, actions to obtain habeas corpus relief.

W. Va. Code § 55-17-2(1) (emphasis supplied).  Until an action has been commenced, the court cannot apply the statute.  The transmission of a notice of claim letter does not constitute the institution of a proceeding.  In federal court, an action is instituted by the filing of a complaint.  Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court.").  Once an action has been commenced, the court must determine, by reference to the document that governs the content of the action -- namely, the complaint -- whether the action is one to which section 55-17-3 applies.  In this case, the determinative question is whether the case involves a "government agency."  <u>See</u> April 18, 2016, Order, pp. 9-11.  But this determination could not be made until an action had already been instituted.  Once one was, and it was found not to involve a government agency, section 55-17-3 could not apply.

As explained in the court's order of April 18, 2016, section 55-17-3 does not apply here inasmuch as this is not a proceeding against a "government agency" as defined by section 55-17-2.  Plaintiff, in his complaint, specifically and pointedly alleges that he is suing the defendants in their personal, not their official, capacities.  See Compl., ¶¶ 4-8

(repeating, as to each defendant, that he "is sued only in his individual capacity"). If a complaint specifically alleges a capacity in which the defendant is being sued, that designation controls. Amos v. Md. Dept. of Pub. Safety & Corr. Svcs., 126 F.3d 589, 608 (4th Cir. 1997) (citing Biggs v. Meadows, 66 F.3d 56, 59-61 (4th Cir. 1995), vacated on other grounds by 524 U.S. 935 (1998)). Along the same lines, "unless a distinct cause of action is asserted against [a governmental] entity itself, the entity is not even a party to a personal-capacity lawsuit and has no opportunity to present a defense." Kentucky v. Graham, 473 U.S. 159, 168 (1985); see also Hafer v. Melo, 502 U.S. 21, 25 (1991) (explaining in detail the distinction between individual-capacity or personal-capacity actions and official-capacity actions).

Inasmuch as this action is against the defendants "in [their] individual capacity[ies] only," Compl., ¶¶ 4-8, this is not a proceeding instituted against a government agency within the unambiguous meaning of section 55-17-2(2). See W. Va. Code § 55-17-2(2) (referring to one who is "a constitutional officer or other public official named as a defendant . . . in his official capacity" (emphasis supplied)). Accordingly, neither the notice provision nor its accompanying tolling provision is applicable to this individual-capacity suit.

10

Plaintiff misconstrues the purpose of section 55-17-3. The statute is not designed to give counsel more time to prepare pleadings, as plaintiff suggests, see Resp., pp. 15-16, but rather to enable the state to receive clear and timely notice of claims against it. See W. Va. Code § 55-17-1(a) ("Government agencies and their officials require more notice of these actions and time to respond to them and the Legislature requires more timely information regarding these actions, all in order to protect the public interest."); see also W. Va. Code § 55-17-6(a) ("It is the express intent of the Legislature that the provisions of this article be liberally construed to effectuate the public policy set forth in section one of this article."). Plaintiff cannot reserve thirty extra days simply by sending a letter required only in official capacity claims.

The period for filing this action within the statute of limitations expired September 30, 2015, as explained in the court's previous opinion. Because plaintiff did not file his complaint until October 15, 2015, his section 1983 claim against defendant Castle is barred by the passage of time. Inasmuch as plaintiff's remaining claims are governed by the same two-year statute of limitations applicable to his section 1983 claim, they, too, are barred by the passage of time.

11

B.

In his response, plaintiff requests that the court refrain from exercising supplemental jurisdiction over the state law claims found in counts 2 and 3 of the complaint. See Resp., p. 18.

The doctrine of supplemental jurisdiction "is a doctrine of flexibility, designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988); see also Shanaghan v. Cahill, 58 F.3d 106, 110 (4th Cir. 1995). Section 1367(c) provides, in this regard, as follows:

> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) [, being a claim forming part of the same case or controversy as the federal claim,] if—
>
> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Id. Plaintiff does not appear to assert, and it does not appear to be the case, that any factor is in play but subsection (c)(3).

In deciding whether to decline supplemental jurisdiction over pendent state claims under section 1367(c)(3), the court should look to the same "animating values" that apply in every inquiry under section 1367, namely, "judicial economy, convenience, and fairness to litigants." UMWA v. Gibbs, 383 U.S. 715, 726 (1966). On the other hand, federal courts may exercise their discretion to take supplemental jurisdiction over state claims "when the resolution of the supplemental claims on the merits is obvious," or when the application of state law is clear. Wright & Miller, 13D Federal Practice and Procedure § 3567.3; see also Semple v. City of Moundsville, 195 F.3d 708, 714 (4th Cir. 1999); accord Wright v. Assoc. Ins. Cos., Inc., 29 F.3d 1244, 1252 (7th Cir. 1994); Ivy v. Kimbrough, 115 F.3d 550, 553 (8th Cir. 1997).

Inasmuch as the two-year statute of limitations established by West Virginia Code section 55-2-12 governs all three claims in the complaint, there is no just reason why the court should decline to exercise supplemental jurisdiction over plaintiff's remaining state law claims. Accordingly, the court

concludes that the exercise of supplemental jurisdiction is appropriate.

C.

On the final page of his response, plaintiff declares that "Rule 54(b) language should be added to make the court's rulings as to defendants Nelson and Castle appealable." Resp., p. 18. Plaintiff states that such language would "make for a more efficient appeal and will assist the parties in getting this initial procedural issue resolved." Id. The court construes plaintiff's recommendation as a motion for certification pursuant to Rule 54 of the Federal Rules of Civil Procedure, which provides pertinently as follows:

> When more than one claim for relief is presented in an action . . . or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

Fed. R. Civ. P. 54(b). The burden is on the party endeavoring to obtain Rule 54(b) certification to demonstrate that the case warrants certification. Allis-Chalmers Corp. v. Philadelphia Electric Co., 521 F.2d 360, 364 (3d Cir. 1975) (footnote omitted).

14

Rule 54(b) certification is recognized as the exception rather than the norm. It should neither be granted routinely, Curtis–Wright Corp. v. General Electric Co., 446 U.S. 1, 10, (1980), nor as an accommodation to counsel, Corrosioneering v. Thyssen Envt'l. Sys., 807 F.2d 1279, 1282 (6th Cir. 1986). Rather, "[j]udgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and overcrowding the appellate docket are outbalanced by pressing needs of the litigants for an early and separate judgment as to some claims or parties." Morrison–Knudsen Co. v. Archer, 655 F.2d 962, 965 (9th Cir. 1981).

The details of the Rule 54(b) inquiry are governed by Braswell Shipyards, Inc. v. Beazer East, Inc., 2 F.3d 1331 (4th Cir. 1993), and its progeny. After noting that piecemeal appeals are disfavored, our court of appeals set forth the following factors to guide the district courts' analysis of whether there is lacking any just reason for delaying the entry of final judgment:

> "(1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-

> off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like."

2 F.3d at 1335-36.

Here, the adjudicated and unadjudicated claims are identical as to each defendant and likely will turn on the same issues already addressed by the court. The possibility that the need for review might be mooted has not been addressed by plaintiff, although it appears unlikely at present. The possibility that our appellate court might be obliged to review the same issue a second time, however, is high, as there remain defendants in this case who may seek to raise similar defenses to plaintiff's complaint. There is no counterclaim in this case by any defendant which could result in a set-off against the judgments sought to be made final. Finally, miscellaneous factors such as those nonexhaustively set out in <u>Braswell Shipyards</u> suggest that immediate appeal is unnecessary. Plaintiff has failed to meet his burden of demonstrating that immediate appeal is warranted. Consequently, his deemed motion for certification under Rule 54 must be denied.

## IV. <u>Conclusion</u>

For the foregoing reasons, it is ORDERED that defendant Robert S. Castle's motion to dismiss, filed on April

19, 2016, be, and it hereby is, granted. It is further ORDERED that plaintiff David Matthew Harvey's deemed motion for Rule 54 certification be, and it hereby is, denied.

The Clerk is requested to transmit copies of this order to all counsel of record and any unrepresented parties.

DATED: July 1, 2016

John T. Copenhaver, Jr.
United States District Judge