```
              UNITED STATES DISTRICT COURT
           SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT CHARLESTON
```

**DAVID MATTHEW HARVEY,**

       Plaintiff,

v.                                                 Civil Action No. 15-14091

**J.G. CLINE,**
**SHANE WOODRUM,**
**and TIMOTHY BROWNING,**

       Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is defendants J.G. Cline, Shane Woodrum, and Timothy Browning's Motion to Dismiss for Expiration of the Statute of Limitations, filed on December 9, 2016 (ECF No. 49).

### I.  Factual and procedural background

The court recited the pertinent factual allegations in its orders of April 18, 2016, and July 1, 2016, and only a brief recapitulation is provided here.

On September 29, 2013, plaintiff David Matthew Harvey was incarcerated at West Virginia's Southwestern Regional Jail. Defendants J.G. Cline, Shane Woodrum, and Timothy Browning, as

well as now-dismissed defendants Tyler Nelson and Robert S. Castle (collectively, "defendants"), worked there as guards. Plaintiff claims that on September 29 and 30, 2013, defendants "either physically assaulted [him] . . . or . . . failed to intervene and prevent the other [d]efendants from doing the same."  Compl. ¶¶ 23-27.

On September 15, 2015, plaintiff, by counsel, sent a certified letter to various state officials advising them that plaintiff was considering a civil action, based on the foregoing allegations.  See id. ¶¶ 9-11.  Thirty days later, on October 15, 2015, plaintiff initiated this action with the filing of his three-count complaint.

Count 1 of the complaint seeks redress under 42 U.S.C. § 1983 for violations of plaintiff's Fourth, Eighth, and Fourteenth Amendment rights.  Id. ¶¶ 67-72.  Count 2 alleges violations of analogous rights protected by the West Virginia constitution.  Id. ¶¶ 73-80.  Count 3 charges the defendants with common law negligence.  Id. ¶¶ 81-84.  Plaintiff brings this action against the defendants in their individual capacities only.  Id. ¶¶ 4-8 (noting that each defendant "is sued only in his individual capacity").

The dismissed defendants, Tyler Nelson and Robert S. Castle, both submitted motions to dismiss.  The court granted

Nelson's motion in an opinion entered on April 18, 2016 (ECF No. 37), and granted Castle's motion in an opinion entered on July 1, 2016 (ECF No. 41). The court granted both motions on the same grounds, the rulings on which are incorporated herein.

On December 9, 2016, the remaining defendants, Cline, Woodrum, and Browning, jointly filed the pending motion to dismiss, reiterating the same arguments raised by the two dismissed defendants. In brief, the pending motion asserts that Harvey's claims are time-barred because the complaint was filed more than two years after the conduct is alleged to have occurred. Plaintiff filed his response on December 22, 2016, reiterating the same objections raised on the previous motions to dismiss, with the exception of one new argument regarding statutory interpretation elaborated on below.

## II.  Standard governing motions to dismiss

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleader provide "a short and plain statement of the claim showing . . . entitle[ment] to relief." Fed. R. Civ. P. 8(a)(2); see also Erickson v. Pardus, 551 U.S. 89, 93 (2007). The required "short and plain statement" must provide "'fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957), overruled on

other grounds, Twombly, 550 U.S. at 563); see also Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007). Rule 12(b)(6) correspondingly permits a defendant to challenge a complaint when it "fail[s] to state a claim upon which relief can be granted. . . ." Fed. R. Civ. P. 12(b)(6).

Application of the Rule 12(b)(6) standard requires that the court "'accept as true all of the factual allegations contained in the complaint. . . .'" Erickson, 551 U.S. at 94 (quoting Twombly, 550 U.S. at 555-56); see also S.C. Dept. of Health and Envt'l Control v. Commerce and Indus. Ins. Co., 372 F.3d 245, 255 (4th Cir. 2004) (same principle) (quoting Franks v. Ross, 313 F.3d 184, 192 (4th Cir. 2002)). The court must likewise "draw[] all reasonable . . . inferences from th[e] facts in the plaintiff's favor. . . ." Edwards v. City of Goldsboro, 178 F.3d 231, 244 (4th Cir. 1999). At minimum, in order to survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570); see also Monroe v. City of Charlottesville, 579 F.3d 380, 386 (4th Cir. 2009) (quoting Twombly, 550 U.S. at 570).

## III. Discussion

### A.

As a preliminary matter, the court observes, as it did in its orders dismissing Nelson and Castle, that the pending motion to dismiss raises an affirmative defense, namely, that the statute of limitations bars plaintiff's claims. A motion under Rule 12(b)(6), which tests the sufficiency of the complaint, ordinarily "cannot reach the merits of an affirmative defense, such as that the plaintiff's claim is time-barred." Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007). An exception, applicable "where facts sufficient to rule on an affirmative defense are alleged in the complaint," requires that all "facts necessary to the affirmative defense 'clearly appear[] on the face of the complaint.'" Id. (quoting Richmond, Fredericksburg & Potomac R.R. v. Forst, 4 F.3d 244, 250 (4th Cir. 1993)). Plaintiff's complaint contains the specific dates on which the unlawful conduct was alleged to have taken place, Compl. ¶¶ 23-66, as well as the date on which plaintiff mailed his notice letter, id. ¶¶ 9-11. The date on which he filed the complaint is part of the judicial record. These allegations, appearing on the face of the complaint, are sufficient for the court to rule on the remaining defendants' statute of limitations defense.

Federal courts "refer[] to state law for tolling rules, just as [they do] for the length of statutes of limitations." Wallace v. Kato, 549 U.S. 384, 394 (2007). "Where state law provides multiple statutes of limitations for personal injury actions," as West Virginia law does, see W. Va. Code § 55-2-1 et seq., "courts considering [section] 1983 [claims] should borrow the general or residual statute" of limitations. Owens v. Okure, 488 U.S. 235, 236 (1989). In West Virginia, the residual statute provides for a two-year limitations period: "[e]very personal action for which no limitation is otherwise prescribed shall be brought: . . . (b) within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries." W. Va. Code § 55-2-12(b).

Although plaintiff filed his complaint on October 15, 2015, over two years after the disputed events on September 29 and 30, 2013, he alleges that the statute of limitations should be tolled in this case, reviving his cause of action. The West Virginia tolling statute cited by plaintiff, West Virginia Code § 55-17-3(a), sets forth the circumstances and timeframe within which a party is required to provide state officials with written notice of claims in certain actions against the state. It provides as follows:

> (1) . . . [A]t least thirty days prior to the institution of an action against a government agency, the complaining party or parties must provide the chief officer of the government agency and the attorney general written notice, by certified mail, return receipt requested, of the alleged claim and the relief desired. . . .
>
> (2) . . . If the written notice is provided to the chief officer of the government agency as required by subdivision (1) of this subsection, any applicable statute of limitations is tolled for thirty days from the date the notice is provided and, if received by the government agency as evidenced by the return receipt of the certified mail, for thirty days from the date of the returned receipt.

W. Va. Code § 55-17-3(a)(1), (2). Plaintiff alleges that he provided proper written notice and, as a consequence, the statute of limitations should be tolled sufficiently to permit his claims.

The previous section in Article 55-17, Section 55-17-2, is a definitions section that specifically defines the kind of action to which the tolling statute applies:

> For purposes of this section:
>
>> (1) "Action" means a proceeding instituted <u>against a governmental agency in a circuit court or in the supreme court of appeals</u>, except actions instituted pursuant to statutory provisions that authorize a specific procedure for appeal or similar method of obtaining relief from the ruling of an administrative agency and actions instituted to appeal or otherwise seek relief from a criminal conviction, including, but not limited to, actions to obtain habeas corpus relief.

W. Va. Code § 55-17-2 (emphasis added). Section 55-17-2 goes on

7

to define a government agency as follows:

> (2) "Government agency" means a constitutional officer or other public official named as a defendant or respondent <u>in his or her official capacity</u>, or a department, division, bureau, board, commission, or other agency or instrumentality within the executive branch of state government that has the capacity to sue or be sued.

W. Va. Code § 55-17-2(2) (emphasis added). In actions properly instituted under Section 55-17-3(a), "any applicable statute of limitations is tolled for thirty days from the date the notice is provided and . . . for thirty days from the date of the returned receipt." W. Va. Code § 55-17-3(a)(2).

As noted in the court's prior opinions, however, this case does not involve a "government agency." <u>See</u> April 18, 2016, Mem. Op. and Order 9-11. Plaintiff, in his complaint, specifically alleges that he is suing the defendants in their personal, not their official, capacities. <u>See</u> Compl., ¶¶ 4-8. If a complaint specifically alleges a capacity in which the defendant is being sued, that designation controls. <u>Amos v. Md. Dept. of Pub. Safety & Corr. Svcs.</u>, 126 F.3d 589, 608 (4th Cir. 1997) (citing <u>Biggs v. Meadows</u>, 66 F.3d 56, 59-61 (4th Cir. 1995), <u>vacated on other grounds by</u> 524 U.S. 935 (1998)). Consequently, there is no applicable tolling provision, and this action is barred by the statute of limitations.

B.

Plaintiff's added argument is that the term "action" is a defined term "[f]or the purposes of this section" in which it appears (§ 55-17-2) and that § 55-17-3(a)(1) merely refers to "action" without qualification, unlike §§ 55-17-3(a)(3) and 55-17-4, each of which specifies that the term "action" as used there is an "action as defined in section two" (§ 55-17-2). Thus, plaintiff argues, the unqualified term "action" in § 55-17-3(a)(1) is not limited to state courts as prescribed in § 55-17-2, but includes federal courts as well. Plaintiff's contention need not be reached. For tolling purposes, the action must in any event be one against a government agency. This action is not.

The term "government agency" is defined in § 55-17-2, as quoted above. In the remaining four sections of Article 17 that follow the definitions section, the term "government agency" appears a total of eighteen times. At no point in those four remaining sections is that term qualified by the phrase, "as defined in section two" (§ 55-17-2). Yet, the term "government agency" doubtless has the meaning ascribed to it, by the definitions section, throughout Article 17. Inasmuch as "government agency" is defined so as to exclude actions against

one in his individual capacity, this action is not one against a government agency.

C.

In his response, plaintiff requests that the court refrain from exercising supplemental jurisdiction over the state law claims found in Counts 2 and 3 of the complaint. See Resp., p. 18. As discussed by the court in its prior opinion, supplemental jurisdiction in this case is proper. See July 1, 2016, Mem. Op. and Order 12-14. Consequently, the court dismisses all of plaintiff's claims against the remaining defendants.

## IV. Conclusion

For the foregoing reasons, it is ORDERED that the remaining defendants' Motion to Dismiss for Expiration of Statute of Limitations, filed on December 9, 2016 (ECF No. 49), be, and it hereby is, granted.

Accordingly, all remaining defendants are hereby dismissed, and the Clerk is directed to close this case and remove it from the docket of the court.

The Clerk is requested to transmit copies of this order to all counsel of record and any unrepresented parties.

DATED: August 1, 2017

John T. Copenhaver, Jr.
United States District Judge